*Decision will be entered under Rule 50.*

JOHN HARVEY KELLOGG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 112261.   Promulgated December 15, 1943.

*Douglas D. Felix. Esq.*, for the petitioner.
*John H. Pigg, Esq.*, for the respondent.

#### OPINION.

STERNHAGEN, *Judge*: The Commissioner determined deficiencies in income tax as follows:

| | |
|---|---|
| 1936 | $13, 327. 64 |
| 1937 | 2, 747. 77 |
| 1938 | 2, 854. 34 |
| 1939 | 19, 084. 46 |
| 1940 | 15, 289. 12 |

The only items remaining in issue are the inclusion in petitioner's income for 1938 and 1939 of amounts appearing on the books of The Miami-Battle Creek as an accumulation of salary due to Kellogg in prior years and which he voluntarily and gratuitously relinquished in 1938 and 1939. The Commissioner, holding that the power to dispose of income is the equivalent of ownership of it for Federal income taxation, and citing section 22 (a), Revenue Act of 1938, included the amounts in Kellogg's income in the years in which, respectively, he relinquished them. The facts are all stipulated. and about them there is no dispute; so it is unnecessary to set them forth in detail.

The petitioner was an officer and a member of the board of trustees of The Miami-Battle Creek, a Florida charitable corporation without shares. The corporation was committed by its charter to make no distributions of profits or dividends. but was permitted to pay a salary to petitioner, its president. not in excess of $200 a week. Over a period of years it credited salary to Kellogg's account, the net balance of which had become $33,788.09 on October 31, 1937, after withdrawals in

1930 and 1932 of a total of $1,300.32. Between October 31, 1937, and October 31, 1938, an additional amount of $2,728.52 was credited to the account. Kellogg kept his accounts and filed his returns in Detroit, Michigan, on the cash receipts basis, and hence did not include the credited but unreceived amounts in his income tax returns, except the aforesaid $1,300.32 in 1930 and 1932. In 1938 Kellogg voluntarily and gratuitously "waived" his right to receive $2,583.26 credited to his account in 1937, and in 1939 he similarly "waived" his right to receive the balance of $33,933.35, all of which was salary credited in earlier years, and also "waived" $769.09 interest on money loaned by him to the corporation.

The Commissioner defends the determination that the relinquishment of the credits is the realization of income by a logical argument built upon *Helvering* v. *American Dental Co.*, 318 U. S. 322, and *Helvering* v. *Horst*. 311 U. S. 112. He says that, since the *Dental* case establishes that the gratuitous forgiveness by a creditor to his debtor is a gift, it must be that the creditor had something to give, and that this must be the amount of the debt. Thus the creditor must be regarded by construction as having received the amount of the debt from his debtor and having used it by giving the amount back to the debtor. Since the disposition of income was held in the *Horst* case to be the equivalent of its realization and therefore the occasion for its taxation to the disposer. it follows that the relinquishment to the debtor was such a realization by Kellogg and is the occasion for its taxation to him.

We are unable to adopt this reasoning. It disregards the fact that Kellogg's accounts and returns were consistently based on actual receipts and disbursements and that he did not in fact receive any of the amounts imputed to him. There is no evidence upon which to support a constructive receipt by him, although that inquiry would go not to the years when he relinquished the credits but rather to the years when they were entered on the corporation's books and placed at his demand and disposal. The question as to those years would be different if Kellogg had been using an accrual method of accounting. Indeed, when we come to apply the Commissioner's conception to the numerous easily imagined situations in which actual receipt or accrual would be constructed out of conduct amounting to realization because of satisfactions or enjoyments, there is a prohibitive difficulty in keeping the conception within rational limits. We find no authority in the revenue act for treating the relinquishment of an indebtedness by a cash basis creditor to his debtor as a realization of income by the creditor. The Commissioner's determination is reversed as to the relinquishment of the salary and of the interest.

*Decision will be entered under Rule 50*